**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

| | |
|---|---|
| In Re: | : |
| | : Case No. 11-10200-RGM |
| MS GRAND, INC. | : Chapter 7 |
| | : |
| Debtor. | : |
| | : |
| | : |
| **OFFICIAL COMMITTEE OF** | : |
| **UNSECURED CREDITORS,** | : |
| By and on behalf of MS Grand, Inc. | : |
| And its bankruptcy estate, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| Melrose Park Associates, LLC, *et al.*, | : Adv. Pro. No. 12-01504-RGM |
| | : |
| | : |
| Defendant(s). | : |
| | : |

**CHAPTER 7 TRUSTEE'S MOTION TO SUBSTITUTE AS PARTY PLAINTIFF**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25**

Raymond A. Yancey, the Chapter 7 Trustee (the "Chapter 7 Trustee"), respectfully requests, pursuant to Rule 25 of the Federal Rules of Civil Procedure, made applicable herein by Rule 7025 of the Federal Rules of Bankruptcy Procedure, that this Court substitute him as the Party Plaintiff in the above captioned adversary proceeding and in support thereof states as follows:

**Jurisdiction and Venue**

---

WHITEFORD, TAYLOR & PRESTON, LLP
Bradford F. Englander, VSB # 36221
Christopher A. Jones VSB # 40064
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9081
(703) 280-3370 (facsimile)

*Proposed Special Counsel for Raymond A. Yancey, Chapter 7 Trustee*

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, FED. R. CIV. P. 25, as made applicable to this matter pursuant to FED. R. BANKR. P. 7025.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §1409.

3. This is a core proceeding as defined by 28 U.S.C. §157(b)(2)(H).

## The Background and Parties

4. On October 19, 2010 (the "Petition Date"), the Kangs filed a voluntary petition under Chapter 11 of the Bankruptcy Code, Case No. 10-18839-RGM, in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

5. Also on the Petition Date, MS Grand filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland, Case No. 10-33911-PJM (Bankr. D. Md.).

6. On December 17, 2010, the Court entered an order transferring MS Grand's bankruptcy case to this Court, case number 11-10200-RGM (the "MS Grand Case").

7. On February 17, 2011, this Court entered an order jointly administering the Kangs' bankruptcy case with the MS Grand Case.

8. On February 22, 2011, the U.S. Trustee appointed a joint committee of unsecured creditors for the MS Grand and Kangs' bankruptcy cases (the "Committee").

9. On April 7, 2011, the Court entered an Order Granting Motion to Appoint Examiner and Neil Demchick was appointed to serve as an examiner with expanded powers.

10. On July 6, 2012, the Committee filed its Motion of the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a), 1103(c), and 1109(b) for Entry of an Order Granting Leave, Standing, and Authority to Prosecute and Settle Causes of Action on Behalf of the Debtors' Estates (the "Derivative Authority Motion," Dkt. No. 534). In the

2

Derivative Authority Motion, the Committee sought derivative authority to, *inter alia*, prosecute and settle all claims belonging to the Debtors' estates, except for certain excluded claims.

11. On July 27, 2012, this Court entered an order approving the Derivative Authority Motion and granting the Committee the "leave, standing, and authority" to pursue all claims belonging to the Debtors' estates, except for certain excluded claims (the "Derivative Authority Order," Dkt. No. 588, p.2, ¶ 1). Pursuant to the Derivative Authority Order, the Committee filed numerous complaints on behalf of MS Grand and its bankruptcy estate.

12. On November 27, 2012, the Committee filed its Motion for Appointment of Chapter 11 Trustee (the "Trustee Motion"). On January 7, 2013, the Court entered its Order Granting Motion for Appointment of Chapter 11 Trustee (the "Trustee Order"), granting the relief sought in the Trustee Motion.

13. On January 7, 2013, the United States Trustee filed the Amended Appointment of Raymond A. Yancey as Chapter 11 Trustee by the United States Trustee, appointing the Trustee to serve as Chapter 11 trustee in these cases (the "Chapter 11 Trustee").

14. On January 16, 2013, the United States Trustee filed a motion seeking court approval of the appointment of Raymond A. Yancey as Chapter 11 Trustee (the "Approval Motion"). The Court entered an order granting the Approval Motion on January 17, 2013.

15. On January 28, 2013, the Chapter 11 Trustee filed a motion to convert the MS Grand Case to Chapter 7.

16. On April 2, 2013, this Court entered an order in the main case (Dkt. No. 924) Approving the Motion Establishing Procedures for Avoidance Action Adversary Proceedings, which was subsequently filed in this adversary proceeding.

17. On April 19, 2013, the Court entered an order converting the MS Grand case to Chapter 7 and ruling that the MS Grand Case would no longer be jointly administered with the Kang case.

18. On April 22, 2013, the United States Trustee appointed the Trustee as Chapter 7 Trustee in the MS Grand Case.

19. On May 10, 2013, the Chapter 7 Trustee filed a Motion to Employ Whiteford, Taylor & Preston LLP as Special Counsel Pursuant to Section 327(e) of the Bankruptcy Code.

**Relief Requested**

20. Federal Rule of Bankruptcy Procedure 7025 makes Federal Rule of Civil Procedure 25 applicable in adversary proceedings. FED. R. BANKR. P. 7025. Federal Rule of Civil Procedure 25(c) provides that "when a transfer of interest occurs the action may be continued by or against the original party, or upon motion, the court can direct that the transferee of the interest be substituted or joined with the original party." FED. R. CIV. P. 25.

21. Federal Rule of Bankruptcy Procedure 2012 provides: "If a trustee is appointed in a chapter 11 case or the debtor is removed as debtor in possession in a chapter 12 case, the trustee is substituted automatically for the debtor in possession as a party in any pending action, proceeding, or matter. FED. R. BANKR. P. 2012. Ordinarily, the Chapter 11 Trustee would have automatically been substituted as the party plaintiff in above-captioned adversary proceeding pursuant to Bankruptcy Rule 2012. However, having been granted "leave, authority and standing" pursuant to the Derivative Authority Order, the Committee was the party to commence this proceeding on behalf of the Debtors' estates.

22. As discussed above, On April 19, 2013, the Court entered an order converting the MS Grand Case to Chapter 7. Upon conversion of the MS Grand Case from Chapter 11 to

4

Chapter 7, the Committee – the previous party-plaintiff in the above-captioned adversary proceeding – dissolved as a matter of law. *See In re Great N. Paper, Inc.*, 299 B.R. 1, 5 (D. Me. 2003) ("Once the Chapter 11 case was converted to a Chapter 7 case, the Creditors Committee ceased to exist . . . ."). The Chapter 7 Trustee is now the representative of MS Grand's bankruptcy estate and the appropriate plaintiff in this action[1].

23. The reasons for which it was appropriate to grant the Committee derivative authority to pursue this case are no longer applicable. It is appropriate to the substitute a newly-appointed trustee as party plaintiff in an adversary proceeding commenced by a committee pursuant to a derivative authority order. *In re S. Rachles, Inc.*, 131 B.R. 782 (Bankr. D.N.J. 1991) ("[I]t is entirely appropriate for the Chapter 7 Trustee to be substituted as plaintiff in the instant adversary proceeding in the place of the Creditors' Committee which initially filed the adversary complaint on behalf of the Debtor and this estate."). Accordingly, the Chapter 7 Trustee requests that he be substituted as the party plaintiff in the above captioned adversary proceeding.

WHEREFORE, the Chapter 7 Trustee requests that this Court enter an order substituting him as the party plaintiff in the above-captioned adversary proceeding; and granting such other relief as it deems appropriate and proper.

Dated: May 23, 2013                     */s/ Bradford F. Englander*
                                        WHITEFORD, TAYLOR & PRESTON L.L.P.
                                        Bradford F. Englander (VSB #36221)
                                        Christopher A. Jones (VSB #40064)
                                        3190 Fairview Park Drive, Suite 300
                                        Falls Church, Virginia 22042
                                        (703) 280-9081
                                        (703) 280-3370 (facsimile)
                                        E-mail: benglander@wtplaw.com
                                        *Proposed Special Counsel to Raymond Y. Yancey, Chapter 7 Trustee*

---

[1] The Committee remains in place with respect to the Kang Bankruptcy Case, which was not converted to Chapter 7.

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of May 2013, a copy of the forgoing was filed and served via the Court's Electronic Case Filing System on all parties requesting such notice, and by United States mail, postage-prepaid, on the following parties:

| Ian S. Landsberg<br>Landsberg & Associates<br>A Professional Law Corporation<br>5950 Canoga Ave., Ste 605<br>Woodland Hills, CA 91367 | Andrew L. Cole<br>Franklin & Prokopik<br>The B&O Building<br>Two North Charles Street, Suite 600<br>Baltimore, Maryland 21201 |
|---|---|

/s/ *Bradford F. Englander*
Bradford F. Englander

*66528*